DLD-189                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1688
_____

IN RE:  MICHAEL EVAN KEELING,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. Nos. 2:09-cv-04015, 2:11-cv-05304, and 2:12-cv-06764)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 11, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: May 9, 2013)
_____

OPINION
_____

PER CURIAM

        Michael Evan Keeling petitions for a writ of mandamus, requesting that we order the

District Court to "entertain" his filings in three different matters.  He complains that the

District Court refused to do so when it dismissed his cases for lack of subject-matter

jurisdiction.

        Mandamus is an extraordinary remedy.  See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402

(1976).  Within the discretion of the issuing court, mandamus traditionally may be "used . . .

only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel

it to exercise its authority when it is its duty to do so.'" <u>Id.</u> (citations omitted). Mandamus is not a substitute for appeal. <u>See</u> <u>Cheney v. U.S. Dist. Court</u>, 542 U.S. 367, 380-81 (2004) (citations omitted); <u>Madden v. Myers</u>, 102 F.3d 74, 79 (3d Cir. 1996).

By his phrasing, Keeling tries to suggest that the District Court refused to consider filings that were properly before it. However, that is simply not the case. A review of the relevant court records reveals that the District Court did, in fact, entertain his filings. Although Keeling disagrees with the result in those cases, his disagreement is a matter for appeal, not for mandamus relief. We will deny his petition.